**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID G. WORTMAN,<br><br>            Plaintiff,<br><br>  vs.<br><br>AL SCHMIDT, in his official capacity as Secretary of the Commonwealth of Pennsylvania, and the PENNSYLVANIA DEPARTMENT OF STATE,<br><br>           Defendants. | C.A. No. _____<br><br>**COMPLAINT FOR *EXPEDITED* DECLARATORY JUDGMENT AND APPLICATION FOR WRIT OF MANDAMUS AND INJUNCTION** |

## COMPLAINT

Plaintiff David G. Wortman ("Plaintiff") brings this action for emergency declaratory and injunctive or mandamus relief against Defendant Al Schmidt, in his official capacity as Secretary of the Commonwealth of Pennsylvania, and Defendant Pennsylvania Department of State (collectively, "Defendants") in time for the requested relief to be completed prior to the November 5, 2024 election, as follows:

### NATURE OF THE CASE

1.      This is a lawsuit to enforce laws that protect the right to vote from dilution. Pennsylvania's current voter rolls have thousands of voter registrations that appear to be invalid because the voter in question either (i) permanently moved out of state and is no longer a citizen of Pennsylvania, or (ii) permanently moved to a different county in Pennsylvania from the county in which they are presently

registered. Defendants have not provided any indication that the state will look into these registrations or take action to confirm their validity as required by law, and certainly not prior to the 2024 election cycle. To be clear, Plaintiff does not ask that these registrations be canceled outright. Instead, Plaintiff simply ask that Defendants direct the county commissions to follow the statutory procedures to confirm whether these registrations are valid.

2.      The requested relief not only serves to protect Pennsylvania's voters from vote dilution, but also serves to protect the people listed in the anomalous registrations. For example, if a voter permanently moved out of state, and another individual uses that voter's information to cast an illegal ballot, this could result in the former Pennsylvania resident being wrongfully accused of having cast the illegal vote. Properly maintaining the voter rolls would protect against such identity theft. Any voters who are active despite anomalies in their registrations can easily confirm their status, either by responding to the requests for confirmation or, if they fail to make this confirmation, by simply reactivating their voter status.

## THE PARTIES

3.      Plaintiff David G. Wortman is a resident, taxpayer, and registered voter in Warren, Pennsylvania.

4.      Defendant Al Schmidt is the Secretary of the Commonwealth of Pennsylvania, with his office address located at 401 North Street, Room 302, Harrisburg, Pennsylvania 17120.

5.      Defendant Pennsylvania Department of State is the state government organization, led by the Secretary of the Commonwealth, that oversees election administration in Pennsylvania. The Bureau of Elections of the Pennsylvania Department of State has an office address located at 401 North Street, Room 210, Harrisburg, Pennsylvania 17120.

## JURISDICTION AND VENUE

6.      This action arises under the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §§ 20501, *et seq.* Plaintiff has a private right of action as an aggrieved person under 52 U.S.C. § 20510. As described below, Plaintiff provided notice to Defendant Al Schmidt of Pennsylvania's violation of the NVRA. Pennsylvania has not corrected the violation within 20 days after receipt of this notice on September 5, 2024. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, which provides for federal question jurisdiction over cases arising under federal law and the Constitution of the United States.

7.      Plaintiff also brings state law claims under 25 Pa.C.S. § 1901, *et seq.* and 4 Pa. Code §§ 183, *et seq.* In relevant part, these statutes and regulations implement Pennsylvania's voter list maintenance procedures corresponding to the

NVRA. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). Plaintiff's state law claims are so related to the federal claims under the NVRA that they form part of the same case or controversy under Article III of the Constitution.

8.      Defendant Al Schmidt is the Secretary of the Commonwealth of Pennsylvania, and his office is located in this judicial district. Defendant Pennsylvania Department of State, led by Defendant Al Schmidt, also has an office located in this judicial district. A substantial part of the events or omissions giving rise to this action occurred in this judicial district. Accordingly, this Court has personal jurisdiction over Defendants, and venue is proper in this Court under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

**A.      The NVRA and State Law Require Pennsylvania to Correct Its Voter Registration Lists When Voters Move Outside the Jurisdiction in Which They Are Currently Registered.**

9.      To uphold the integrity of elections, to prevent voter fraud, and to protect our citizens' trust in the election process, the federal government has enacted multiple laws requiring states to maintain their lists of voters and designate as inactive those registrations that are no longer active.

10.    This is particularly important in the context of absentee voting, where a person could potentially vote multiple times, or third parties could submit votes without the person's knowledge.

11.    Section 8 of the NVRA, 52 U.S.C. § 20507(a)(4)(B), requires states to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters" due to a change of address.

12.    Although the NVRA does not require states to follow a specific program to maintain the accuracy of its voter lists, 52 U.S.C. § 20507(c)(1)(B) provides a safe harbor under which states "may meet the requirement of subsection (a)(4) by establishing a program" where:

> (A)  change-of-address information supplied by the Postal Service through its licensees is used to identify registrants whose addresses may have changed; and
>
> (B)  if it appears from information provided by the Postal Service that—
>
>> (i) a registrant has moved to a different residence address in the same registrar's jurisdiction in which the registrant is currently registered, the registrar changes the registration records to show the new address and sends the registrant a notice of the change by forwardable mail and a postage prepaid pre-addressed return form by which the registrant may verify or correct the address information; or
>>
>> (ii) the registrant has moved to a different residence address not in the same registrar's jurisdiction, the registrar uses the notice procedure described in subsection (d)(2) to confirm the change of address.

13.     The notice procedure in 52 U.S.C. § 20507(d)(2) allows states to require affirmation or confirmation of a voter's address before voting in an upcoming Federal election and requires states to remove such voters from the list of eligible voters if they fail to respond to the notice and do not vote in the following two general elections for federal office occurring after the date of the notice:

> (2) A notice is described in this paragraph if it is a postage prepaid and pre-addressed return card, sent by forwardable mail, on which the registrant may state his or her current address, together with a notice to the following effect:

> (A) If the registrant did not change his or her residence, or changed residence but remained in the registrar's jurisdiction, the registrant should return the card not later than the time provided for mail registration under subsection (a)(1)(B). If the card is not returned, affirmation or confirmation of the registrant's address may be required before the registrant is permitted to vote in a Federal election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice, and if the registrant does not vote in an election during that period the registrant's name will be removed from the list of eligible voters.

> (B) If the registrant has changed residence to a place outside the registrar's jurisdiction in which the registrant is registered, information concerning how the registrant can continue to be eligible to vote.

14.     Additionally, the Help America Vote Act ("HAVA") requires each state to implement "a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the State level," in accordance with the NVRA. 52 U.S.C. § 21083(a).

15.    In accordance with the NVRA, Pennsylvania implemented voter list maintenance procedures, which are codified in 25 Pa.C.S. § 1901, *et seq.* and 4 Pa. Code §§ 183, *et seq.*

16.    Defendant Al Schmidt, as the Secretary of the Commonwealth, serves as Pennsylvania's chief election officer. *See* 31 Pa.B. 2545 Executive Order No. 2001-3.

17.    25 Pa.C.S. § 1901 and 4 Pa. Code §§ 183 *et seq.* detail the state's voter list maintenance procedures for changes of addresses.

18.    Specifically, 25 Pa.C.S. § 1901(b)(1)(i) provides that that the Secretary of the Commonwealth shall establish by regulation a program that, at least once every calendar year, causes voter addresses to be compared to change of address information from the United States Postal Service ("USPS") and identifies voters who may have changed addresses to county commissions through Pennsylvania's SURE system. Subsection (b)(1)(i)(B) further provides that a voter who has moved to an address outside of the county in which the voter is presently registered must be sent a notice by which the voter may verify or correct the address information.

> (i) National change of address. The secretary shall establish by regulation a program whereby information supplied by the United States Postal Service through its licensees is used on a periodic basis, but not less than once every calendar year, to identify registered electors who may have changed addresses. The information shall be incorporated in the SURE system and shall be forwarded to the commissions in a manner determined by the secretary by regulation.

(A) If it appears from the information provided through the United States Postal Service that a registered elector has moved to a different residence address within the same county as the elector is currently registered, the commission shall change the registration records to show the new address and shall send the elector, to the address recorded on the elector's registration, a notice of the change of address by forwardable mail and a postage prepaid, preaddressed return form by which the elector may verify or correct the address information.

(B) If it appears from the information provided through the United States Postal Service that a registered elector has moved to a different residence address outside the county, the commission shall use the notice procedure described in clause (A).

19.    25 Pa.C.S. § 1901(b) requires all voters who fail to respond to these notices (before 30 days prior to the next election or if the notice is returned by the Postal Service as undeliverable, under 4 Pa. Code § 183.6) to be marked inactive:

(c) Identification of inactive electors.--A commission shall mark an "I" on the registration records of each registered elector who has been mailed a form under subsection (b)(1) or (3) and has failed to respond, which shall be included with all other registration records for that polling site and located at the elector's polling site on the day of the election. The commission shall promptly update the information contained in its registration records.

20.    Pennsylvania's regulation in 4 Pa. Code § 183.6(d)(5) implements the notice procedure for voters who moved outside of the county in which they are currently registered:

(5) A commission shall implement the following procedures for identifying matches on records to an address outside the county obtained from a NCOA, in accordance with section 1901(b)(1)(i) of the act. In the case of registrants whose mailing is not returned by the Postal Service, the commission is not required to take any further action. If a mailing to a registrant is returned by the Postal Service, the commission

shall categorize the returned mail into one of two categories: returned mail with information from the Postal Service indicating a change of address within the county and returned mail with information from the Postal Service indicating a change of address outside the county or with no further address information available.

> (i) The commission shall complete the applicable information on the NCA and send it to the registrant's prior address by forwardable mail with a postage prepaid preaddressed return form by which the registrant may verify or correct the address information as required by section 1901(b)(1)(ii) of the act.

> [. . .]

> (iv) If the postmaster returns the NCA or if the registrant does not return the NCA, the commission shall complete, mark and mail an AVN, to the registrant's former address in accordance with section 1901(d) of the act.

> [. . .]

> (vii) If the registrant does not return the AVN 30 days before the election or if it is returned by the Postal Service as undeliverable, the commission shall mark as inactive the registrant's voter registration card. The commission shall include the cards with the other registration cards sent to the precincts on election day.

> (viii) The commission shall require a written affirmation before it permits an inactive registrant to vote in an election during the time beginning with the date the AVN is mailed and ending on the day after the date of the second General Election for Federal office that occurs after the date of the notice. If the registrant does not vote in an election during that period, the commission shall cancel the registrant's registration.

**B.    Pennsylvania's Voter List Continues to Include as Active Many Voters Who Moved Permanently Outside of the Jurisdiction in Which They Are Currently Registered.**

21.    A list of voter registrations was purchased from the Pennsylvania Department of State on Monday June 17, 2024.

22.     The names and addresses for each voter were submitted through the USPS Coding Accuracy Support System ("CASS®") and compared to information from the USPS National Change of Address database to determine whether or not they still resided at their address of registration.

23.     The voters were limited to those who affirmatively checked on the USPS Official Mail Forwarding Change of Address form that their move was permanent.

24.     The USPS CASS evaluation is run against several progressively deeper-leveled databases, such as by state, city, five-digit zip code, a check on those three columns together, then a check against the street name with in them, then a street number range check, then a check against the actual street number in the "Zip_4" database, and then a check on the apartment unit at that specific building, then a check if that address is unoccupied, as well as other specialty checks.

25.     Notably, no voters were omitted from this process on the basis of race, gender, age, jurisdiction, political affiliation, or any other potentially prejudicial attribute.

26.     This process identified many voters who appear to have moved out of the jurisdiction in which they are registered but are nonetheless marked as active on Pennsylvania's voter lists—despite it being a substantial length of time since they moved.

27.    On June 30, 2024, Defendant Pennsylvania Department of State published a report entitled "Administration of Voter Registration in Pennsylvania," which included a description of list maintenance activities conducted during the prior year. Defendant Pennsylvania Department of State asserted that counties sent more than 160,265 National Change of Address (NCOA) Notices.[1]

28.    Despite these asserted activities, Pennsylvania continues to include as active on its voter list many voters who moved before 2023. For example, as shown in the data provided to Defendant Al Schmidt, Philadelphia County alone includes over fifteen thousand active voters on its voter list who appear to have moved out of state before 2023.

## C.    Pennsylvania's Inaccurate Voter List Undermines Plaintiff's Confidence in the Election and Burdens Plaintiff's Right to Vote.

29.    Pennsylvania's improperly maintained voter rolls have undermined (and will continue to undermine) Plaintiff's confidence in the electoral process and burdened Plaintiff's right to vote. This constitutes an actionable injury in fact. *See, e.g.*, *Green v. Bell*, No. 3:21-cv-00493-RJC-DCK, 2023 U.S. Dist. LEXIS 45989, *9, 2023 WL 2572210 (W.D.N.C. Mar. 19, 2023) (holding that such harm

---

[1]  *Administration of Voter Registration in Pennsylvania*, PENNSYLVANIA DEPARTMENT OF STATE (Jun. 30, 2024), https://www.pa.gov/content/dam/copapwp-pagov/en/dos/resources/voting-and-elections/reports/voter-registration/DOS_Voter_Registration_Report_2023.pdf (last accessed Sept. 26, 2024).

constitutes an injury in fact); *Judicial Watch, Inc. v. King*, 993 F. Supp. 2d 919, 924 (S.D. Ind. 2012) (same); *Judicial Watch, Inc. v. Griswold*, No. 20-cv-02992-PAB-KMT, 2022 U.S. Dist. LEXIS 153290, *5–6, 2022 WL 3681986 (D. Colo. Aug. 25, 2022) (same); *see also Wis. Voter All. v. Millis*, __ F. Supp. 3d __, No. 23-C-1416, 2024 U.S. Dist. LEXIS 44025, *12 (E.D. Wis. Mar. 13, 2024) ("[V]oter disenfranchisement through dilution caused by illegal votes might constitute the kind of harm required [to seek judicial review.]").

**D.    Plaintiff Provided Proper Notice of this Action Under the NVRA.**

30.    On September 5, 2024, counsel for Plaintiff emailed and sent via Federal Express a notice letter to Defendant Al Schmidt pursuant to the NVRA, 52 U.S.C. § 20510(b). A copy of the notice letter is included as **Exhibit A** to this Complaint. A screenshot confirming email proof of delivery to RA-elections@pa.gov on September 5, 2024, is included as **Exhibit B** to this Complaint. A screenshot confirming email proof of delivery to ST-PRESS@pa.gov on September 5, 2024, is included as **Exhibit C** to this Complaint.

31.    In the September 5 notice letter, Plaintiff advised Defendant Al Schmidt that Pennsylvania was violating its duty under 52 U.S.C. § 20507(a)(4)(B) to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters" due to a change of address. Plaintiff detailed Pennsylvania's obligations under 25 Pa.C.S. § 1901 and 4 Pa. Code

§ 183.6 and further advised Defendant Al Schmidt that Pennsylvania's failure to timely make inactive the registrations of certain voters who permanently moved outside of the jurisdiction in which they are currently registered unreasonably left ineligible voters marked as active on the voter list. Plaintiff noted that he intended to file an action seeking declaratory and injunctive relief before this November's federal election unless these issues were corrected.

32.    Plaintiff included with the notice letter a link to a shared online folder containing spreadsheets listing all the identified ineligible voters for each county based on the screening process, described above. Plaintiff also enclosed with the physical copy of the notice letter sent via Federal Express a flash drive containing these spreadsheets. Spreadsheets listing all the identified ineligible voters for each county who moved out of the state were included in a folder titled "Ex. A – Moved out of State." Spreadsheets listing all the identified ineligible voters for each county who moved within the state but outside of the county or municipality in which they are registered were included in a folder titled "Ex. B – Moved Within State Out of County." The column headings indicated the voter's name, registration status, registration address, date of departure, and new address.

33.    In the September 5 notice letter, Plaintiff explained that all the voters listed in these spreadsheets indicated that they had permanently moved outside of the jurisdiction in which they are currently registered, but many of them are

nonetheless marked as active on Pennsylvania's voter lists—despite it being a substantial length of time since they moved. Plaintiff further explained that Pennsylvania's failure to correct these registrations violated the NVRA under 52 U.S.C. § 20507(A)(4)(B) and Pennsylvania's state law under 25 Pa.C.S. § 1901 and 4 Pa. Code § 183.6.

34.     In key part, Plaintiff requested that Pennsylvania send notices to these voters under 4 Pa. Code § 183.6(d)(5), in accordance with 25 Pa.C.S. § 1901(b)(1)(i), and if any voter fails to respond to the AVN notice, immediately mark that voter as "inactive" prior to the November 2024 election.

35.     Plaintiff did not request the removal or cancellation of any voter's registration from Pennsylvania's voter lists.

36.     Importantly, such relief would not harm any active voters. That is because an active voter associated with the identified registrations can simply respond to the notices from Defendants, and even those who fail to respond can readily contact the election authorities to reactivate their registrations.

37.     This relief will partially protect former Pennsylvania residents from having their identities stolen and used to vote illegally in their names. Moreover, this relief would protect Plaintiff's and all Pennsylvania voters' right to vote by safeguarding them from improper vote dilution. *E.g.*, *Reynolds v. Sims*, 377 U.S. 533, 555 (1964).

38.    As the next election for federal office is within 120 days, 52 U.S.C. § 20510(b)(2) provides that a 20-day notice period applies from the date Plaintiff put Defendant Al Schmidt on notice.

39.    Defendant Al Schmidt, however, never responded to Plaintiff's September 5, 2024 notice letter.

40.    It is possible that the Commonwealth of Pennsylvania may have corrected some of these registrations in the time since the subject voter registration data was purchased from Pennsylvania on June 17, 2024. Pennsylvania may have also sent notices to some or all of the voters identified in Plaintiff's September 5, 2024 notice letter—and further, such voters may have indicated to Pennsylvania that the address listed on the voter's registration form is still correct.

41.    However, neither the Secretary of the Commonwealth nor anyone else from the Department of State has ever confirmed this fact or advised that this is indeed the case. Consequently, upon information and reasonable belief, Pennsylvania's present list of voters contains numerous anomalies and errors.

42.    Pennsylvania's failure to correct these registrations is an ongoing, systemic violation of the NVRA and Pennsylvania law.

## COUNT I – VIOLATION OF 52 U.S.C. § 20507(A)(4)(B)

43.    Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein.

44.    Pennsylvania continues to include as active on the state's voter list many voters (identified in Exhibits A and B of the September 5 notice letter sent to Defendant Al Schmidt) who have permanently moved outside of the jurisdiction in which they are currently registered. As such, Pennsylvania is violating 52 U.S.C. § 20507(A)(4)(B) by failing to make a "reasonable effort" to remove these ineligible voters from its active voter list and is not complying with the safe harbor provision under 52 U.S.C. § 20507(c)(1)(B). *See Voter Integrity Project NC, Inc. v. Wake Cty. Bd. of Elections*, 301 F. Supp. 3d 612, 620 (E.D.N.C. 2017) (holding that "a reasonable inference can be drawn that [a county board of elections] is not making a reasonable effort to conduct a voter list maintenance program in accordance with the NVRA" where a plaintiff has made an allegation, "supported by reliable data," that the county is failing to remove ineligible voters and the county board failed to use available information to remove such ineligible voters).

45.    Pennsylvania's violation of 52 U.S.C. § 20507(A)(4)(B) is ultimately the responsibility of Defendants. As the state's chief election official, Defendant Al Schmidt is required to coordinate the state's responsibilities under the NVRA. *See* 52 U.S.C. § 20509; 31 Pa.B. 2545 Executive Order No. 2001-3 (designating the Secretary of the Commonwealth as the "chief election officer"). Under 25 Pa.C.S. § 1803, Defendant Pennsylvania Department of State, led by Defendant Al Schmidt, has "the authority to take any actions, including the authority to audit the registration

records of a commission, which are necessary to ensure compliance and participation by the commissions."

46.     As a direct and proximate consequence of Pennsylvania's failure to maintain accurate voter lists, Plaintiff's confidence in the electoral process has been, is being, and will continue to be undermined and Plaintiff's right to vote has been, is being, and will continue to be burdened, unless this Court enjoins or mandates Defendants to direct county commissions to send notices to all identified voters who are marked as active but permanently moved outside of the jurisdiction in which they are currently registered, and if any voter fails to respond to the notice within 30 days after the date of the notice, immediately mark that voter as "inactive" (and do so prior to the November 2024 election).

47.     Defendant Al Schmidt received notice under 52 U.S.C. § 20510(b) of this ongoing and systemic violation of the NVRA more than 20 days before the filing of this complaint.

**COUNT II – VIOLATION OF 25 PA.C.S. § 1901 AND 4 PA. CODE § 183.6**

48.     Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein.

49.     Pennsylvania continues to include as active on the state's voter list many voters (identified in Exhibits A and B of the September 5 notice letter sent to Defendant Al Schmidt) who have permanently moved outside of the jurisdiction in

which they are currently registered. As such, Pennsylvania is violating 25 Pa.C.S. § 1901 and 4 Pa. Code § 183.6 by failing (i) to adequately compare the state's voter lists to the change of address information supplied by the United States Postal Service, (ii) to send notices to voters who appear to have moved to a different jurisdiction, and (iii) to mark inactive those voters who fail to respond.

50.    Pennsylvania's violation of 25 Pa.C.S. § 1901 and 4 Pa. Code § 183.6 is ultimately the responsibility of Defendants. As the state's chief election official, Defendant Al Schmidt is required to coordinate the state's responsibilities under the NVRA. *See* 52 U.S.C. § 20509; 31 Pa.B. 2545 Executive Order No. 2001-3 (designating the Secretary of the Commonwealth as the "chief election officer"). Under 25 Pa.C.S. § 1803, Defendant Pennsylvania Department of State, led by Defendant Al Schmidt, has "the authority to take any actions, including the authority to audit the registration records of a commission, which are necessary to ensure compliance and participation by the commissions."

51.    As a direct and proximate consequence of Pennsylvania's failure to maintain accurate voter lists, Plaintiff's confidence in the electoral process has been, is being, and will continue to be undermined and Plaintiff's right to vote has been, is being, and will continue to be burdened, unless this Court enjoins or mandates Defendants to direct county commissions to send notices to all identified voters who are marked as active but permanently moved outside of the jurisdiction in which

they are currently registered, and if any voter fails to respond to the notice within 30 days after the date of the notice, immediately mark that voter as "inactive" (and do so prior to the November 2024 election).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff David G. Wortman asks this Court to enter judgment against Defendants and all persons in active concert or participation with them in sufficient time to allow compliance in full prior to the November 5, 2024 election, granting the following relief:

A.      Declaratory judgment that Pennsylvania has violated, and continues to violate, the NVRA under 52 U.S.C. § 20507(A)(4)(B) by failing to conduct a general program that makes a reasonable effort to maintain its voter rolls, where Pennsylvania has failed to timely make inactive the registrations of the identified voters marked as active who permanently moved outside of the jurisdiction in which they are currently registered.

B.      Declaratory judgment that Pennsylvania has violated, and continues to violate, 25 Pa.C.S. § 1901 and 4 Pa. Code § 183.6 by failing to timely make inactive the registrations of the identified voters marked as active who permanently moved outside of the jurisdiction in which they are currently registered.

C.      A writ of mandamus or an injunction directing Defendants to direct all county commissions to send notices to all identified voters who are marked as active

19

but permanently moved outside of the jurisdiction in which they are currently registered, and if any voter fails to respond to the notice within 30 days after the date of the notice, immediately mark that voter as "inactive" (and do so prior to the November 2024 election).

      D.    Reasonable attorneys' fees, including litigation expenses, and costs under 52 U.S.C § 20510(c).

Dated: September 27, 2024                 Respectfully submitted,

                                          *s/ Triston Chase O'Savio*
                                          Cortland C. Putbrese (Bar No. VA
                                          46419)
                                          DUNLAP BENNETT & LUDWIG
                                          PLLC
                                          6802 Paragon Place, Suite 410
                                          Richmond, VA 23230
                                          Tel: (804) 977-2688
                                          Fax: (703) 777-3656
                                          cputbrese@dbllawyers.com

                                          Triston Chase O'Savio (Bar No. PA
                                          325827)
                                          DUNLAP BENNTT & LUDWIG
                                          PLLC
                                          8300 Boone Blvd, Suite 200
                                          Vienna, VA 22812
                                          Tel: (703) 755-7320
                                          Fax: (703) 777-3656
                                          tosavio@dbllawyers.com

                                          *Counsel for Plaintiff David G.*
                                          *Wortman*